**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 07 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>VIRGINIA QUINTERO-MENDOZA,<br><br>Defendant-Appellant. | No. 12-10647<br><br>D.C. No. 2:11-cr-01298-JAT-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
James A. Teilborg, District Judge, Presiding

Argued and Submitted February 12, 2014
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and KORMAN, Senior District Judge.[**]

Defendant-Appellant Virginia Quintero-Mendoza ("Quintero-Mendoza") appeals her conviction on two counts of Importation of a Controlled Substance in violation of 21 U.S.C. §§ 952(a) and 960, two counts of Possession of a Controlled

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Edward R. Korman, Senior District Judge for the U.S. District Court for the Eastern District of New York, sitting by designation.

Substance with Intent to Distribute in violation of 21 U.S.C. § 841, and two counts of Conspiracy to Import and Possess a Controlled Substance in violation of 21 U.S.C. §§ 846 and 963. She challenges the sufficiency of the evidence and the admission of certain expert testimony. We find no merit to either of these arguments.

1.　　Quintero-Mendoza entered the United States in a vehicle containing 20.5 kilograms of methamphetamine and 1.01 kilograms of cocaine, which were hidden in compartments on each side of the car. The compartments were created by the removal of the lower structural panel, known as the rocker panel, which was replaced with a thin metal compartment. She had a consistent crossing history until she registered the vehicle in question, and then she began crossing into the United States from Mexico more frequently.

At the time of her arrest on June 25, 2011, Quintero-Mendoza had no record of recent employment. Indeed, she had applied for welfare benefits in 2010 and 2011, certifying that she had no bank accounts or income of any kind and did not own any cars. Nevertheless, she had over $35,000 in her bank accounts and five cars titled in her name in Arizona. If this were not enough, Quintero-Mendoza was shown to have lied repeatedly to the law enforcement officers who stopped her. Specifically, she claimed that she worked at a strip club that had no record of her employment, and stated that she gone to Mexico to drop her other children off with their father even

2

though her text messages indicated that her children were not staying with their father in Mexico at the time. Under these circumstances, the evidence was more than sufficient for a jury to conclude that she was a knowing drug courier.

2. The trial court did not err when it admitted expert testimony as to unknowing couriers and the structure of drug trafficking organizations. Under our case law, it was not error to admit such testimony in the circumstances of this case. *See United States v. Sepulveda-Barraza*, 645 F.3d 1066, 1072–73 (9th Cir. 2011). Indeed, even without this evidence, it is inconceivable that a jury would have acquitted Quintero-Mendoza, who put in no defense other than her attorney's unsworn statement both in opening and closing that she was an unknowing courier.

**AFFIRMED.**